FILED
United States Court of Appeals
Tenth Circuit

December 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN RAY KARSTEN,

       Plaintiff - Appellant,

v.

CAMACHO, P.A.; FIVE JOHN/JANE
DOES,

       Defendants - Appellees.

No. 14-1177
(D.C. No. 1:13-CV-01651-WJM-MJW)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Pro se plaintiff and former federal prisoner Brian Karsten brings a civil-rights

claim alleging that prison medical staffer Ronald Camacho and several unidentified

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.
R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without
oral argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

members of the prison's Utilization Review Committee (URC) violated the Eighth Amendment to the Constitution by failing to properly treat his hernia. The district court dismissed the amended complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm. Mr. Karsten's amended complaint fails to adequately allege that any of the Defendants acted with deliberate indifference to his serious medical needs.

## I. BACKGROUND

### A. Plaintiff's Allegations

The amended complaint alleges the following: In January 2011, while working as a prison inmate at the federal correctional institution in La Tuna, Texas, Mr. Karsten flipped over a large sheet of steel and "felt something pop." R. at 40. In February he saw a Dr. Hawks, who diagnosed a bilateral hernia and put him on light duty. The next month he was put on medically unassigned status. In May he was given a hernia belt, but in July he told medical staff that it was not helping. Dr. Hawks told him he would need surgery.

In August 2011, however, Mr. Karsten was transferred to the federal prison camp at Florence, Colorado. Within a few days of his arrival, the URC approved a consultation with Dr. Yu, a general surgeon, who recommended an operation; but the URC rejected the recommendation. The URC again denied approval for surgery in February 2012. In the meantime, Mr. Karsten met repeatedly with Defendant Camacho. Camacho pushed in the hernia and told Mr. Karsten that he should not lift anything over 15 pounds. He said that all he needed was a hernia belt, even though the belt given did not hold in the hernia. Camacho also told Mr. Karsten that surgery was not needed and that he would

2

not recommend it because it would be approved only for a life-threatening problem. Even though Mr. Karsten was in extreme pain that confined him to his bunk, Camacho stated "nothing . . . could be done" because surgery was unwarranted and Mr. Karsten's liver problems precluded the use of pain medication. *Id.* at 41.

Although Camacho did not recommend that Mr. Karsten see Dr. Wilson (the staff physician), Dr. Wilson later brought the case before the URC again. This time surgery was approved, and when Mr. Karsten's hernia "strangulated," he received emergency surgery. *Id.* His pain has since diminished. Mr. Karsten does not provide the date of the surgery, although it must have preceded his filing of this lawsuit in June 2013 in the United States District Court for the District of Colorado.

**B.     Procedural History**

On August 14, 2013, Mr. Karsten filed an amended complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The defendants were Camacho and the unidentified URC members who denied him treatment. Mr. Karsten alleged deliberate indifference to his extreme pain, in violation of the Eighth Amendment. Camacho moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A magistrate judge recommended that Camacho's motion be granted, but went further and sua sponte recommended that the unidentified defendants be dismissed for failure to serve and failure to prosecute. The district court adopted the recommendation on the claim against Camacho and dismissed the amended complaint against the other defendants for failure to

3

state a claim under Rule 12(b)(6). *See* Order Adopting Recommendation & Granting Mot. to Dismiss, *Karsten v. Camacho*, No. 13-cv-1651-WJM-MJW, 2014 WL 1613127 (D. Colo. Apr. 22, 2014) (unpublished).

## II.    DISCUSSION

Our standard of review is familiar. "The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

For Mr. Karsten's Eighth Amendment claims to survive, he must show "deliberate indifference to [his] serious medical needs." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "'Deliberate indifference' involves both an objective and a subjective component." *Id.* The objective component requires him to show that his medical need is "sufficiently serious"; that is, "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). The subjective component requires him to show that the prison official knew of and disregarded "an excessive risk to inmate health or safety." *Id.* (internal quotation marks omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

4

*Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (internal quotation marks omitted). The district court focused its analysis on the subjective component, and so do we.

Turning first to Defendant Camacho, Mr. Karsten contends that Camacho violated the Eighth Amendment by doing nothing to relieve his pain other than offering an ill-fitting hernia belt and by refusing to refer him to a doctor. But in context, even the very limited context provided by Mr. Karsten's amended complaint, the allegations against Camacho do not show deliberate indifference. Mr. Karsten does not dispute that pain medication was not appropriate because of his liver condition. And surgery had been rejected by Camacho's superiors in the chain of command both shortly after Mr. Karsten's arrival at the prison in August 2011 and on at least one more occasion less than six months later. Mr. Karsten has not raised a plausible claim that Camacho's failure to do more than he did evinced deliberate indifference to Mr. Karsten's pain.

We come to the same conclusion regarding the claims against the unidentified URC Defendants. The amended complaint alleges that the URC had Mr. Karsten's medical records; that it approved a consultation with Dr. Yu, who recommended surgery; that Dr. Wilson urged approval; that the URC denied approval; that Dr. Wilson brought the case before the URC again and it was approved; and that an emergency surgery took place after Mr. Karsten's hernia "strangulated." R. at 41. All that can be inferred from these allegations is that the URC had a difference of opinion with some doctors but then changed its mind. The URC may have been negligent, but there are not enough facts to plausibly infer that it was deliberately indifferent to Mr. Karsten's condition.

5

The judgment of the district court is AFFIRMED. We GRANT Mr. Karsten's motion to proceed *in forma pauperis* on this appeal. *See Brown v. Eppler*, 725 F.3d 1221 (10th Cir. 2013). We remind Mr. Karsten that he remains obligated to pay the full filing fee.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge